UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT PATRICK BUTTERS,   CIVIL NO. 16-3462 (DWF/DTS)

    Petitioner,

v.   REPORT AND RECOMMENDATION

CHRIS PAWELK,

    Respondent.

## INTRODUCTION

On October 11, 2013 Robert Butters was a passenger in a vehicle driven by A.D. They drove to a gas station and Butters filled the tank with gasoline. Butters tried to pay for the gas with a credit card that did not belong to him or A.D. but rather had K.H's name on it. Butters did not know K.H. and did not have K.H.'s permission to use the card. Before he attempted to use K.H.'s card, Butters had tried to use a check drawn on K.H's account to pay for the gas. Plea Tr. 12-14, Docket No. 9 at 18-20. Butters pleaded guilty to financial transaction card fraud in Ramsey County District Court on January 6, 2014. Petition ¶¶ 1-2, 6, Docket No. 1.

On March 13, 2014 Butters was sentenced to 60 months imprisonment based on his status as a career offender. *Id.* ¶¶ 2, 3; Sentencing Tr. 7, Docket No. 9 at 33. Butters appealed his conviction to the Minnesota Court of Appeals, asserting that his guilty plea must be withdrawn to correct a manifest injustice. He argued that his plea was not accurate because the record does not establish that he knew he did not have K.H.'s consent to use her credit card. *See State v. Butters*, No. A14-0983, 2015 WL 648396, at *1-2 (Minn. Ct. App. Feb. 17, 2015), *rev. denied* (Minn. Apr. 28, 2015);

1

Docket No. 6-1 at 27-28. The Minnesota Court of Appeals affirmed Butters's conviction on February 17, 2015, and the Minnesota Supreme Court denied his petition for review on April 28, 2015. Docket No. 6-1 at 27-28 (court of appeals opinion), 29-38 (petition for review), 44 (order denying review). The United States Supreme Court denied his petition for a writ of certiorari on October 5, 2015. *Butters v. Minnesota*, 136 S.Ct. 152 (2015).

On May 18, 2015 Butters filed a *pro se* petition for postconviction relief in Ramsey County District Court. Petition ¶ 11, Docket No. 1; Docket No. 6-1 at 47-55 (postconviction petition). The district court denied the petition on September 24, 2015. Order & Mem., Docket No. 6-1 at 72-79. The Minnesota Court of Appeals affirmed the denial of postconviction relief on June 6, 2016, and the Minnesota Supreme Court denied Butters's petition for review on August 9, 2016. *Butters v. State*, No. A15-1917, 2016 WL 3129489 (Minn. Ct. App. June 6, 2016), *rev. denied* (Aug. 9, 2016); Docket No. 6-1 at 112-115 (court of appeals opinion), 116-17 (petition for review), 118 (order denying review).

Butters filed this *pro se* habeas petition on October 13, 2016 asserting seven grounds for relief, most of them based on claims of ineffective assistance of trial and appellate counsel. Docket Nos. 1, 1-1 (attachments).

## DISCUSSION

**1.      Standard of Review**

A federal court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(a) provides that a federal court shall

entertain a habeas corpus petition of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner's application for a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard in § 2254(d) is "difficult to meet." *White v. Woodall,* 134 S.Ct. 1697, 1702 (2014). The Supreme Court has stated that "'[c]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings as opposed to the dicta, of this Court's decisions." *Id.* (quotations and citations omitted). A lower court may not consult its own precedents rather than those of the Supreme Court in assessing a habeas claim governed by § 2254. *Id.* n.2.

A decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). An "unreasonable application" of the Supreme Court's holdings "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White*, 134 S.Ct. at 1702 (quotations and citations omitted). "[A] state prisoner must show that the state

3

court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

2.  **Exhaustion and Procedural Default under 28 U.S.C. § 2254**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). Thus, before habeas relief is available to a petitioner, a court must first determine whether the petitioner has fairly presented his federal claims to the state court. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

If a petitioner has failed to do so, the federal court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, *i.e.,* whether a state court would accord the prisoner a hearing on the merits." *Id.* "If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a

4

federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if [the court] do[es] not review the merits of the petition." *Id.* "The fundamental miscarriage of justice exception . . . is only available to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 758 (citations and quotations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). When a petitioner has not exhausted a claim and state procedural rules preclude further attempts to present the claim to satisfy the exhaustion requirement, that claim is not unexhausted but rather is procedurally defaulted.

### 3. Ineffective Assistance of Trial Counsel

#### a. Strickland Standard

To establish ineffective assistance of counsel, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 446 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

#### b. State Procedural Bar

"Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" *McCall*, 114 F.3d at 757 (quoting *State v. Knaffla*, 243 N.W. 2d 737, 741 (Minn. 1976)). The Minnesota Supreme Court has recognized two exceptions to the *Knaffla* procedural bar: first,

5

when the claim is "so novel that the legal basis was not available on direct appeal," and second, when the "petitioner did not deliberately and inexcusably fail to raise [the claim] on direct appeal . . . [and] fairness requires" the court to consider it. *Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004) (internal quotations and citations omitted).

Under the second exception, the Minnesota Supreme Court has specifically addressed the procedural bar standard for claims of ineffective assistance of trial counsel. It held that a "claim of ineffective assistance of trial counsel that can be decided on the basis of the trial court record must be brought on direct appeal and is procedurally barred when raised in a postconviction petition. But a claim of ineffective assistance of trial counsel that cannot be decided on the district court record because it requires additional evidence need not be brought on direct appeal and may be brought in a postconviction petition." *Id.*

### c. Failure to Investigate Butters' Competence to Plead Guilty and to Pursue an Insanity Defense (Ground One)

Butters alleges that his trial counsel was ineffective because she failed to investigate his competence to plead guilty and to explore an insanity defense. Petition ¶ 12 "Ground One," Docket No. 1. Butters did not raise these two related claims on direct appeal. *See Butters*, 2015 WL 648396, at *1, Docket No. 6-1 at 27. When Butters raised them in his state petition for postconviction relief, the district court determined, without a hearing, that they were procedurally barred and, alternatively, that they lacked merit. *See* Ramsey County District Court Order & Mem. 3-6, Docket No. 6-1 at 74-77.

The Minnesota Court of Appeals affirmed the denial of these claims. It did not address whether they were barred by *Knaffla* but instead concluded that Butters failed

to allege sufficient facts to require an evidentiary hearing on the merits. *Butters*, 2016 WL 3129489, at *3-4, Docket No. 6-1 at 113-114. The appellate court noted that, at the plea hearing, Butters's counsel questioned him about his mental illness, Butters said he was "100 percent clear" about pleading guilty, and he stated that he understood the proceedings. *Id.* at *4, Docket No. 6-1 at 114. The court also stated that "the record contains no indication that Butters's mental illness rendered him legally insane at the time of his offense, lacking the ability to know the nature of his act or that it was wrong." *Id.* Therefore, the court found no support for Butters's claim that his trial counsel provided ineffective assistance by failing to further investigate his competence to plead guilty or explore an insanity defense. *Id.*

In his petition for review to the Minnesota Supreme Court, Butters raised his ineffective assistance claim regarding his competence to plead guilty, but not his claim regarding an insanity defense. Docket No. 6-1 at 116. The court denied further review. Aug. 9, 2016 Order, Docket No. 6-1 at 118. Thus, Butters has exhausted the first claim but not the second.

Notwithstanding Butters's failure to exhaust his claim regarding trial counsel's failure to investigate an insanity defense, the Court finds that it is procedurally defaulted because Minnesota law would prevent him from raising this claim in state court. *See* Minn. R. Civ. App. P. 117, subd. 1 (petition for review to Minnesota Supreme Court must be filed within 30 days after the Minnesota Court of Appeals' decision); *McCall*, 114 F.3d at 757. Therefore, Butters cannot obtain habeas relief on his insanity-defense claim unless he can demonstrate that an exception applies: either cause for the default and actual prejudice as a result, or a showing of actual innocence.

7

*See McCall,* 114 F.3d at 757-58; *Coleman,* 501 U.S. at 750.  The Court's review of Butters's competence-to-plead-guilty claim (which is not procedurally defaulted) is limited to whether the state court's denial of his ineffective assistance claim is "contrary to, or involved an unreasonable application of, clearly established Federal law."  *See* 28 U.S.C. § 2254(d)(1).

Butters is not entitled to habeas relief on either claim.  The record contains nothing to indicate that Butters was not competent to plead guilty or that he was legally insane at the time of the offense.  He understood and participated in the plea hearing.  He communicated with and responded to his counsel, the prosecutor, and the trial judge.  He said he understood the rights he was waiving with his guilty plea.  Plea Tr. 3-4, 6-8, 11, Docket No. 9 at 9-10, 12-14, 17.  His mental health history was discussed, and he stated that he felt "100 percent clear."  *Id.* at 5-6, Docket No. 9 at 11-12.  He said he was not under the influence of alcohol, any drug or anything else at the plea hearing.  *Id.* at 6, Docket No. 9 at 12.  He admitted the facts of the crime and was able to recall the details.  *Id.* at 12-14, Docket No. 9 at 18-20.  At no time did he claim that he was insane or impaired at the time he committed the credit card fraud.

In the attachment to his habeas petition, Butters describes his mental health history and some past incidents and states that some of the information was included in the pre-sentence investigation report.  *See* Docket No. 1-1 at 4-6.  However, Butters does not connect any of it to the offense he committed on October 11, 2013 or his guilty plea on January 6, 2014.  Instead, he argues that his "outburst" at the end of his March 13, 2014 sentencing hearing, in which he crumpled a written order from the judge, should have "shed more light on his mental illness" and alerted his trial counsel that she

should now, after sentencing, investigate his competence to plead guilty as well as an insanity defense.  *Id.* at 6.

The record of the sentencing hearing does not support Butters's argument. Before his outburst, he had a coherent conversation with the sentencing judge in which he talked about his history of drug addiction, attempts at drug treatment, and other events in his life.  Sentencing Tr. 5-6, Docket No. 9 at 31-32.  Nothing about his outburst signaled a lack of competence to enter a guilty plea or that he was insane when he committed the credit card fraud.  The outburst consisted of saying "ouch" after he was sentenced to 60 months as a career offender, and crumpling an order to vacate a previous no-contact order regarding K.H., the person whose credit card Butters had tried to use, with Butters saying "I don't even know her.  What am I going to do, look her up?  You kidding me?"  *Id.* at 7-9, Docket No. 9 at 33-35.

The record refutes Butters's claim that his trial counsel acted in an objectively unreasonable manner under *Strickland* in failing to further investigate his mental competence to plead guilty or explore an insanity defense.  Therefore, the Minnesota Court of Appeals' decision that there was no factual support for an evidentiary hearing was not contrary to or an unreasonable application of Supreme Court precedent, and Butters's competence-to-plead-guilty habeas claim is denied.  Likewise, the record shows that Butters was not prejudiced by any failure to explore an insanity defense because there are no facts to support insanity at the time of the credit card fraud; thus, this habeas claim is also denied.

### d. Failure to Inform Butters of the Maximum Sentence (Ground Two)

Butters alleges that his trial counsel was ineffective because she advised Butters that if he pleaded guilty, he would receive a sentence in the sentencing guidelines range rather than as a career offender. Petition ¶ 12 "Ground Two," Docket No. 1; Attachment, Docket No. 1-1 at 8-10. Butters did not raise this claim on direct appeal. *See Butters*, 2015 WL 648396, at *1; Docket No. 6-1 at 27. When Butters raised it in his state postconviction petition, the district court determined, without a hearing, that it was procedurally barred under state law and, alternatively, that it lacked merit because the record clearly showed that Butters was advised that the state would seek a 60-month sentence as a career offender. *See* Ramsey County District Court Order & Mem. 3, 6-7, Docket No. 6-1 at 74, 77-78. The Minnesota Court of Appeals affirmed the denial of this claim, stating that it could be resolved based on the trial court record and thus was procedurally barred under *Knaffla*. *Butters*, 2016 WL 3129489, at *2, Docket No. 6-1 at 113.

Butters did not raise this claim in his petition for review to the Minnesota Supreme Court [Docket No. 6-1 at 116] and therefore he failed to exhaust it. *See* 28 U.S.C. § 2254(b)(1); *Baldwin*, 541 U.S. at 29. The Court concludes, however, that this claim is procedurally defaulted because under state law the 30-day period for petitioning the supreme court has expired. *See* Minn. R. Civ. App. P. 117, subd. 1; *McCall*, 114 F.3d at 757. Thus, Butters cannot obtain habeas relief on this claim unless he establishes cause for the default and actual prejudice, or a claim of actual innocence. *See McCall,* 114 F.3d at 757-58; *Coleman,* 501 U.S. at 750.

The trial court record completely refutes Butters's contention that he was not informed of the possible 60-month sentence. It is abundantly clear that Butters's counsel fully and repeatedly advised him during the plea hearing that the state was seeking a 60-month sentence based on his career offender status, and Butters repeatedly expressed his understanding of that fact. *See* Plea Tr. 2-3, 7-11, Docket No. 9 at 8-9, 13-17. There is no basis whatsoever to support a claim that trial counsel was ineffective under *Strickland* regarding informing Butters of the potential 60-month sentence, and Butters cannot establish prejudice to overcome procedural default. This habeas claim is denied.

### e. Failure to Advise Butters of the Mens Rea Element of the Offense (Ground Three)

Butters alleges that his trial counsel was ineffective because she failed to advise him of the mens rea element of the financial transaction card fraud to which he pleaded guilty. Petition ¶ 12 "Ground Three," Docket No. 1; Attachment, Docket No. 1-1 at 10-11. Specifically, he asserts that he was "heavily intoxicated" at the time of the offense which calls into question whether he had the specific intent to commit the offense. Attachment to Petition, Docket No. 1-1 at 10-11. In essence, Butters argues that he did not really know what he was pleading guilty to, so his plea was not truly voluntary because his intoxication might have been a defense to the fraud charge. *See id.*

Butters did not raise this claim on direct appeal. *See Butters*, 2015 WL 648396, at *1, Docket No. 6-1 at 27. When he raised it in his state postconviction petition, the court determined, without a hearing, that it was procedurally barred under state law and, alternatively, that it lacked merit because the record was devoid of any allegation that Butters was intoxicated at the time of the offense; to the contrary, Butters's statements

11

at the plea hearing showed his ability to recall and describe his actions during the offense. *See* Ramsey County District Court Order & Mem. 3, 7, Docket No. 6-1 at 74, 78.

The Minnesota Court of Appeals affirmed the denial of this claim. It did not address whether the claim was procedurally barred under *Knaffla* but instead concluded there was no factual support to justify an evidentiary hearing. *Butters*, 2016 WL 3129489, at *3, Docket No. 6-1 at 114. The appellate court stated that Butters cited no authority for his claim that credit card fraud is a specific-intent crime for which an intoxication defense is available and, moreover, he admitted to the facts of the crime at his plea hearing and never claimed to be intoxicated. *Id.*

Butters did not raise this claim in his petition for review to the Minnesota Supreme Court [Docket No. 6-1 at 116] and thus he has not exhausted it. The Court finds, however, that it is procedurally defaulted because he cannot now bring it in state court, as the 30-day period for seeking supreme court review has expired. *See* Minn. R. Civ. App. P. 117, subd. 1; *McCall*, 114 F.3d at 757. Therefore, habeas relief is not available unless Butters establishes cause and prejudice, or a claim of actual innocence. *See McCall,* 114 F.3d at 757-58; *Coleman,* 501 U.S. at 750.

The record contains no support for Butters's assertion that he was intoxicated at the time he committed the credit card fraud. At the plea hearing, Butters never said or suggested he was intoxicated, and there are no facts to indicate use of alcohol before the offense or intoxication at the time of the offense. Butters admitted the facts of the credit card fraud, never said he did not remember the events, and never said he was intoxicated or impaired. Plea Tr. 12-14, Docket No. 9 at 18-20. Because there is a

complete absence of any evidence of intoxication at the time of the offense, there is no basis for a claim that trial counsel was ineffective under *Strickland,* nor can Butters establish prejudice to overcome procedural default. The Court denies this habeas claim.

4. **Ineffective Assistance of Appellate Counsel**

   a. **Failure to Raise on Direct Appeal the Claim that Trial Counsel was Ineffective Based on Grounds One, Two and Three (Ground Four)**

Butters alleges that his appellate counsel was ineffective for failing to raise on direct appeal his claims that trial counsel was ineffective for the reasons stated in Grounds One, Two and Three of his habeas petition. Petition ¶ 12 "Ground Four," Docket No. 1. Butters raised this claim in his state petition for postconviction relief, but the district court rejected it because Butters had not established the threshold issue that trial counsel was ineffective. Ramsey County District Court Order & Mem. 7-8, Docket No. 6-1 at 78-79. The Minnesota Court of Appeals affirmed the denial of this claim. It found that, given that Butters failed to show that his ineffective-trial-counsel claims had enough merit to justify an evidentiary hearing, the district court did not abuse its discretion when it declined to hold a hearing on Butters's claim against appellate counsel for failing to raise those meritless claims on direct appeal. *Butters*, 2016 WL 3129489, at *4, Docket No. 6-1 at 114-15.

In his petition for review to the Minnesota Supreme Court, Butters asserted a claim of ineffective assistance of appellate counsel, but it is questionable whether the full scope of his claim was "fairly presented" to the court for purposes of exhaustion. *See Baldwin*, 541 U.S. at 29; *Gentry*, 175 F.3d at 1083. His petition devotes only one

sentence to it: "Appellate counsel was unconstitutionally ineffective in failing to raise trial counsel's ineffectiveness."  Docket No. 6-1 at 116.

To the extent that Butters's petition for review lacked sufficient detail to "fairly present" this claim, and for that reason he did not exhaust it, the Court finds that it is procedurally defaulted because state law would prevent Butters from now presenting the claim to the supreme court.  *See* Minn. R. Civ. App. P. 117, subd. 1 (petition for review to Minnesota Supreme Court must be filed within 30 days after the Minnesota Court of Appeals' decision); *McCall*, 114 F.3d at 757.  Therefore, habeas relief is unavailable unless Butters establishes cause and prejudice, or a claim of actual innocence.  *See McCall,* 114 F.3d at 757-58; *Coleman,* 501 U.S. at 750.  If, on the other hand, this claim is deemed exhausted for having been "fairly presented" in Butters's petition for review, the Court considers it under the standards set forth in § 2254(d), i.e., whether the state court decision is "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent.

Regardless of the line of analysis, the Court finds no merit in this claim.  The threshold requirement is a showing that trial counsel was constitutionally ineffective under *Strickland.*  If she was not, then appellate counsel cannot be constitutionally ineffective for not having raised this (non)-issue on direct appeal.

As discussed above, Butters failed to demonstrate that trial counsel was ineffective under *Strickland* for (1) not further investigating his mental competence, because the record contained nothing to indicate he was not competent to plead guilty or that he was legally insane at the time he committed the credit card fraud; (2) for not advising him regarding intoxication and mens rea, because at the plea hearing he

14

admitted the facts of the crime, never claimed to be intoxicated at the time of the offense, and cited no authority for the proposition that an intoxication defense was available for this offense; or (3) for failing to advise him of the possible 60-month sentence, because the trial court record establishes that counsel repeatedly informed him that the prosecution was seeking a 60-month sentence as a career offender, and Butters repeatedly stated that he understood the sentencing court could impose that sentence.

Because Butters has failed to show that trial counsel was ineffective, his claim of appellate counsel's ineffectiveness also fails, given that the claim depends on trial counsel's ineffectiveness. Butters has not established prejudice to overcome procedural default and, in addition, the state court's conclusion that Butters failed to raise a sufficient factual issue for a hearing on ineffectiveness under *Strickland* was not contrary to or an unreasonable application of Supreme Court precedent. The Court denies this habeas claim.

b. **Failure to Advise Butters of His Right to File a Petition for a Writ of Certiorari to the United States Supreme Court (Ground Six)**

Butters alleges that his appellate counsel was ineffective for failing to advise him of his right to file a petition for certiorari to the U.S. Supreme Court. Petition ¶ 12 "Ground Six," Docket No. 1. Butters raised this claim in his state petition for postconviction relief, but the district court denied it, stating that Butters failed to cite any authority to support the proposition that failure to advise of the right to pursue a writ of certiorari constitutes ineffective assistance of appellate counsel. Ramsey County District Court Order & Mem. 7-8, Docket No. 6-1 at 78-79. The Minnesota Court of

15

Appeals affirmed the denial of this claim, finding that Butters failed to allege facts sufficient to show prejudice under *Strickland* as a result of counsel's failure to inform him of his right to seek certiorari review. *Butters*, 2016 WL 3129489, at *5 (citing *United States v. Eisenhardt*, 10 F.Supp.2d 521, 523 (D.Md. 1998) (rejecting similar claim on the ground that no prejudice existed because, based on existing law, the certiorari petition would have been denied)), Docket No. 6-1 at 115.

Butters raised this claim in his petition for review to the Minnesota Supreme Court. Docket No. 6-1 at 116. The court denied further review. Aug. 9, 2016 Order, Docket No. 6-1 at 118. Thus, Butters has exhausted this claim, and the Court reviews it under the standards in § 2254(d).

The Minnesota Court of Appeals concluded that Butters failed to show prejudice under *Strickland* as a result of his appellate counsel's failure to inform him of his right to seek certiorari review, and thus he could not establish that appellate counsel was ineffective. *See Butters*, 2016 WL 3129489, at *5, Docket No. 6-1 at 115. Butters did in fact file a petition for a writ of certiorari to the U.S. Supreme Court, which was denied on October 5, 2015. *See Butters v. Minnesota*, 136 S.Ct. 152 (2015). The state court's decision is not contrary to or an unreasonable application of Supreme Court precedent, and the Court denies habeas relief on this claim.

### 5. Butters's Argument that the State Procedural Bar to Raising Ineffective Assistance of Trial Counsel Claims Violates the Fourteenth Amendment (Ground Five)

Butters contends that Minnesota's procedural bar rules as articulated in *Knaffla* and *Torres* violate the Fourteenth Amendment because they require a petitioner to bring ineffective assistance of trial counsel claims on direct appeal. Petition ¶ 12

16

"Ground Five," Docket No. 1. Butters raised this claim in his postconviction brief to the Minnesota Court of Appeals and in his petition for review to the Minnesota Supreme Court. Docket No. 6-1 at 80-93 (brief to court of appeals), 116 (petition for review). The appellate court denied his claim, and the supreme court denied further review. *Butters*, 2016 WL 3129489, at *2, Docket No. 6-1 at 113; Aug. 9, 2016 Order, Docket No. 6-1 at 118. Thus, this claim is exhausted.

Butters argued to the Minnesota Court of Appeals that the procedural bar rules of *Knaffla* and *Torres* run afoul of *Massaro v. United States*, 538 U.S. 500 (2003). The appellate court rejected his argument, stating:

> In *Massaro*, the Supreme Court overturned the "procedural default" rule, which had been followed in some federal circuits, that an ineffective-assistance claim was barred if a defendant did not raise it on direct appeal. 538 U.S. at 504, 123 S.Ct. at 1693-94. But the Minnesota Supreme court has declined to adopt the ruling in *Massaro*, stating that *Massaro* is "based on the Supreme Court's supervisory power over federal courts and is not constitutional in nature," and therefore it applies only in federal courts and does not bind Minnesota state courts. *Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004).

*Butters*, 2016 WL 3129489, at *2, Docket No. 6-1 at 113.

However, the Minnesota Court of Appeals addressed the merits of all but one of Butters's ineffectiveness-of-trial-counsel claims. The only claim it found procedurally barred under *Knaffla* and *Torres* was the one that could be resolved based on the trial court record, namely, Butters's claim that counsel failed to advise him of the potential 60-month sentence as a career offender. *Butters*, 2016 WL 3129489, at *2-4, Docket No. 6-1 at 113-14. Therefore, Butters has no argument that the state court unconstitutionally applied its procedural bar rules to those claims, because the court ruled on the merits.

As for Butters's ineffectiveness claim alleging that counsel failed to advise him of the possible 60-month sentence, as discussed above, the trial court record is clear and unequivocal that at the plea hearing Butters was repeatedly advised of the possible 60-month sentence and repeatedly said he understood that possibility. The state court examined that record in determining whether the claim was *Knaffla*-barred. No other conclusion on the merits is possible, and Butters has not and cannot establish any prejudice. Butters is not entitled to habeas relief on this claim.

**6.    Right to Counsel to File a Petition for a Writ of Certiorari to the United States Supreme Court (Ground Seven)**

Butters contends that he was denied the right to counsel to file a writ of certiorari to the U.S. Supreme Court. Petition ¶ 12 "Ground Seven," Docket No. 1. He raised this claim in his postconviction brief to the Minnesota Court of Appeals and in his petition for review to the Minnesota Supreme Court. Docket No. 6-1 at 80-93 (brief to court of appeals), 116 (petition for review). The appellate court denied his claim, and the supreme court denied further review. *Butters*, 2016 WL 3129489, at *5, Docket No. 6-1 at 115; Aug. 9, 2016 Order, Docket No. 6-1 at 118. Thus, this claim is exhausted, and the Court reviews it to determine whether the state court's decision was contrary to, or involved an unreasonable application of, U.S. Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

The state court stated that "the right to counsel does not extend to discretionary appeals seeking review in the United States Supreme Court," citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *Butters*, 2016 WL 3129489, at *5, Docket No. 6-1 at 115. It therefore held that "the failure to provide such representation cannot be the basis for an ineffective-assistance claim," and it denied Butters's claim. *Id.* The court's

ruling comports with U.S. Supreme Court precedent, as stated in *Finley* and other cases.  *See, e.g., Walker v. United States*, 810 F.3d 568, 576 (8th Cir. 2016) (no constitutional right to counsel to file a certiorari petition with the Supreme Court) (citing cases), *cert. denied*, 136 S.Ct. 2042 (2016).  Therefore, the Court denies this claim for habeas relief.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Robert Butters's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED.

2. This action be DISMISSED with prejudice.

Dated: October 17, 2017

*David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).